**NOT FOR PUBLICATION**

FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY CORNIEL, | No. 20-16296 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00157-MMD-WGC |
| v. | |
| CANDACE, Physician; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| NAPH CARE; WCDF, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Nevada state prisoner Anthony Corniel appeals pro se from the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment in his 42 U.S.C. § 1983 action alleging inadequate medical care while he was a pretrial detainee at Washoe County Detention Facility. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because Corniel failed to raise a genuine dispute of material fact as to whether defendants' treatment of his right-hand injury was objectively unreasonable. *See id.* at 1125 (setting forth elements of a pretrial detainee's medical care claim under the Fourteenth Amendment).

The district court did not abuse its discretion in denying Corniel's request for an extension of time to oppose the motion for summary judgment because Corniel failed to demonstrate good cause or excusable neglect. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-60 (9th Cir. 2010) (setting forth standard of review and balancing test to determine whether a party's failure to meet a deadline constitutes excusable neglect).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**